UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P308-C
CRIMINAL ACTION NO. 3:01CR-34-C

JOYCE VICTORIA SMITH                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

MEMORANDUM OPINION

I. INTRODUCTION AND PROCEDURAL HISTORY

The movant, Joyce Victoria Smith, filed a *pro se* motion to vacate, set aside
or correct her sentence pursuant to 28 U.S.C. § 2255 (§ 2255).  By prior order,
this court directed her to show cause why her motion should not be denied as
untimely (DN 3).  The movant timely complied (DN 4), and her motion is before the
court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section
2255 Proceedings for the United States District Courts.[1]  Because the court
concludes that her motion is untimely and that she is not entitled to equitable
tolling of the limitations period, it will deny the motion and dismiss this action.

On April 22, 2002, this court entered a judgment of conviction sentencing
the movant to 135 months of incarceration followed by five years of supervised
release after she pleaded guilty to one count of conspiracy to possess with intent
to distribute a controlled substance and four counts of possession with intent to

---

[1]Rule 4(b) provides, in part, " . . . If it plainly appears from the motion . . .
that the moving party is not entitled to relief,  the judge must dismiss the motion
and direct the clerk to notify the moving party . . . ."

distribute a controlled substance.  *See United States v. Smith*, Criminal Action No. 3:01CR-34-C, DN 183.  The movant did not file a direct appeal of her conviction and sentence.  She filed the instant motion on May 18, 2005.[2]

## II.  MOVANT'S ARGUMENTS

In her § 2255 motion, the movant claims that her sentence was improperly enhanced and that she was incorrectly charged with possession of cocaine.  In support of her motion, she attached a memorandum in which she argues that she is entitled to a "time served" order or a new evidentiary hearing in light of the Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738 (2005).  She argues that *Booker* applies to her situation because it is a new rule of constitutional law "previously unavailable" and therefore retroactively applicable to her case on collateral review.

In response to the court's show-cause order, the movant sets forth three principal arguments for this court's consideration of her motion on its merits.[3] First, she essentially claims that her motion is timely because the statute of

---

[2]The movant signed the motion on May 18, 2005.  It was received and filed on May 27, 2005.  Under the mailbox rule, however, a prisoner's complaint/petition/motion is deemed filed if it is delivered to the proper prison authorities for forwarding to the district court within the time allotted for an appeal. *See Houston v. Lack*, 487 U.S. 266, 270-72  1988).  The mailbox rule applies to motions filed under § 2255.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

[3]It appears that the movant erroneously believes that the show-cause order was a response filed by the United States.  However, the court has no record of a response by the United States, and it is this court which directed her to show cause why her motion should not be denied as untimely.

limitations did not commence to run on her motion until *Booker* itself was decided on January 12, 2005. Second, she claims that her defense counsel was ineffective because he refused to file a direct appeal which challenged the improper enhancements. She argues that her sentence was improperly enhanced in light of *Apprendi v. New Jersey,* 530 U.S. 466 (2000)[4] and its progeny. Finally, she claims that counsel was ineffective for failing to object to the plea agreement into which she entered because her sentence was improperly enhanced.

### III.  ANALYSIS

Section 2255 sets forth a one-year limitations period for motions filed under that section. That period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255 ¶ 6.

---

[4]In *Apprendi*, the Supreme Court held that other than fact of prior conviction, any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt.

In the movant's first argument, she cites *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) in support of her claim that her motion is timely under ¶ 6(3) above. It is not clear why she cites *Ashley* because neither the Supreme Court nor the Sixth Circuit Court of Appeals has held that *Booker* is retroactively applicable on collateral review. In *Ashley*, the Seventh Circuit held that the one-year statute of limitations begins to run on the date that a federal court determines that a U.S. Supreme Court's decision is retroactively applicable on collateral review. *Id.* at 673. First, the Supreme Court recently rejected this approach, holding that the one-year limitation period under ¶ 6(3) begins to run on the date which that court "initially recognized" the right asserted in the motion and not the date on which that right was made retroactively applicable on collateral rule. *Dodd v. United States*, — U.S. —, 125 S.Ct. 2478, 2482 (2005). Second, the *Booker* court did not address the retroactive applicability of its decision on collateral review, holding only that it applied to cases pending on direct review. Third, the Sixth Circuit has clearly held that Booker is not retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Therefore, under Sixth Circuit law the movant's challenge to her sentence in light of *Booker* is not cognizable in a § 2255 motion.

Turning to her second and third arguments, the movant argues that counsel was ineffective by not challenging the sentence enhancements in the plea agreement and on direct appeal. Apparently she is not using counsel's

ineffectiveness to excuse her late filing. Rather, she wants the court to consider the arguments on their merits.

Typically, a claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless the movant can demonstrate cause and actual prejudice to excuse her failure to raise the claim previously. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001). Ineffective assistance of counsel may constitute cause for failing to raise a claim in earlier proceedings. *Murray v. Carrier*, 477 U.S. 478 (1986); *Ratliff v. United States*, 999 F.3d 1023 (6th Cir. 1993). Even assuming that the movant can establish the requisite cause and prejudice to excuse her default, she still cannot show that her § 2255 motion is timely. Here, she was required to file her motion one year from the date on which the judgment of conviction became final. *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Her conviction became final ten days after entry of the judgment of conviction, *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004), which was entered on April 22, 2002. This means that the judgment of conviction became final on May 6, 2002. Therefore, she was required to file her § 2255 motion no later than May 6, 2003. She did not file her motion until May 18, 2005, long after the one-year limitations period had expired.

Finally, the movant has not alleged any circumstances and none otherwise appear that would warrant equitable tolling in this case. Courts should "sparingly"

5

apply the equitable tolling doctrine. *Dunlap v. United States*, 250 F.3d 1001, 1009-10 (6th Cir. 2001).  To determine the appropriateness of equitably tolling the statute of limitations, a district court must consider the following five factors:  (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing her rights; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement for filing her claim. *Id.* at 1010 (applying the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).  The *Andrews* list "is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003) (citing *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)). And the movant bears the burden of persuading the court that she is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Here, the movant offered no explanation as to why she filed her § 2255 motion over two years late.  She does not claim that she was unaware of the one-year limitations period.  And she was well aware that her attorney failed to file an appeal on her behalf and yet did nothing within the following year to challenge his ineffectiveness.  Accordingly, this court concludes that an equitable extension of the one-year statute of limitations is not warranted in this case.

## IV. CERTIFICATE OF APPEALABILITY

Before the movant may appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A district court must address the issue and grant or deny a certificate of appealability even though the movant made no request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Slack*, 529 U.S. at 584. In such a case, no appeal is warranted. *Id.* This

7

court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

## V.  CONCLUSION

For the reasons set forth above, this court concludes that the movant's § 2255 application is untimely and that she is not entitled to equitable tolling of the applicable statute of limitations.  By separate order, the court will deny the motion and dismiss the action.

Signed on  October 4, 2005

Jennifer B. Coffman, Judge
United States District Court